Matthew Abbasi, Esq.; SBN 215030
**ABBASI & ASSOCIATES, P.C.**
8889 West Olympic Boulevard, Suite 240
Beverly Hills, California 90211
Telephone: (310) 358-9341
Facsimile: (310) 358-9351

Attorneys for Creditor,
FINNEGAN & DIBA, A LAW CORPORATION

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>JANE CHONGHEE KIM,<br><br>Debtor.<br><br>———————————————<br>FINNEGAN & DIBA, A LAW CORPORATION,<br><br>PLAINTIFF,<br>v.<br><br>JANE CHONGHEE KIM, an Individual,<br><br>DEFENDANT. | Case No.: 2:12-bk-34663-PC<br><br>Adversary Proceeding No.:<br><br>**CHAPTER 7**<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER:**<br><br>1. **OBJECTION TO DISCHARGE 11 U.S.C. § 727(a)(4)(A)**<br><br>2. **OBJECTION TO DISCHARGE 11 U.S.C. § 727(a)(3)**<br><br>3. **OBJECTION TO DISCHARGE 11 U.S.C. § 727(a)(2)(A)** |

///

---

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

- 1 -

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Creditor, FINNEGAN & DIBA, A LAW CORPORATION hereby files the herein Complaint against the Debtor, JANE CHONGHEE KIM, (hereinafter "Defendant"), as follows:

## JURISDICTIONAL OPERATIVE FACTS

1. The Debtor filed his Voluntary Petition under Chapter 7 in this District on July 17, 2012, and was assigned Case No: 2:12-bk-34663-PC. Therefore, this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1), and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).

2. This motion is filed pursuant to 11 U.S.C.§ 727 (a) (2), § 727 (a) (3), and § 727 (a) (4).

3. Venue is proper pursuant to §28 U.S.C. 1409, by virtue of this Chapter 7 case pending before the United States Bankruptcy Court for the Central District of California, and since all of the parties and property are located within this district and the wrongful acts complained of occurred within this District.

## PARTIES

4. The Defendant, JANE CHONGHEE KIM, is a Certified Public Accountant and an individual who resides in Los Angeles, California ("Debtor"). Further, on information and belief, Debtor is also the managing member and the owner-operator of two entities, to wit: E&E Global, LLC (E&E) and Kingsley Management, LLC (Kingsley), which have served as her alter ego for the purposes of transferring assets held in her name prior to the filing of the pending Chapter 7 case for the sole purpose of avoiding her creditors, including, Plaintiff, F&D in this action.

5. Plaintiff, FINNEGAN & DIBA, (F&D) is a California Law Corporation, in good standing and duly registered as a professional corporation with the State Bar of

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

- 2 -

California, entitled to practice law in the State of California and all of its courts, and a pre-petition creditor of Debtor, Kim.

## PROCEDURAL BACKGROUND

6. On July 17, 2012, the Debtor filed the herein Chapter 7 case.

7. The court noticed the First Meeting of Creditors pursuant to § 341 (a) ("341 (a) meeting") for August 14, 2012. This meeting was continued to September 11, 2012 and has been continued again to November 7, 2011.

## ALLEGATIONS COMMON TO ALL COUNTS

### A. PENDING STATE COURT ACTIONS

8. F&D is a judgment creditor who obtained a judgment in civil matter entitled FINNEGAN & DIBA v. KIM, et al., bearing LASC Case No.BC438836, arising from the failure of Debtor to pay her outstanding attorney fees due and owing in the principal amount of $109, 843.89 together with prejudgment interest of $27,052.13. Said judgment is temporarily set aside in order to address the amount of attorney fees, namely $98, 535.39, to be added to the judgment by way of a belated motion to tax costs, which was pending and set for hearing just before the filing of instant petition for Chapter 7 and resulting stay. A true and correct copy of the Judgment of September 28, 2011, is attached as **Exhibit "A**. Creditor, F&D has since sought relief of stay from this court and there is presently a pending motion to tax costs, set for hearing on November 9, 2012, in State Court, together with reinstatement of the Judgment.

9. During the litigation of the action (LASC Case No.BC438836) and prior to trial, the Debtor transferred title to <u>all of her real estate holdings</u>, including her own personal residence, from her name to E&E and KINGSLEY, entities in which he wholly or partially owns interest and operates, **for ($0) no consideration.**

10. Consequently, on May 22, 2012, F&D instituted another civil action entitled FINNEGAN & DIBA v. KIM, et al., bearing LASC Case No. BC485138, against the Debtor, E&E & KINGSLEY. In this action, F&D alleged causes of action for: (1)

---

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

-3-

SET ASIDE FRAUDULENT TRANSFER; (2) CIVIL CONSPIRACY; (3) DECREE OF SALE OF PROPERTIES BASED ON ENFORCEMENT OF JUDGMENT (4) UNJUST ENRICHMENT; and (5) DECLARATORY RELIEF. By way of this action, Creditor, F&D, seeks to set aside the fraudulent transfers by Debtor and other intentional fraudulent acts intended to hinder, hide, or otherwise impair the rights of Creditor, F&D. As it stands, Lis Pendens have been recorded against all of the properties (listed below) and there is a preliminary injunction in force and affect ever since June 20, 2012, restricting the right of the Debtor to transfer the properties any further. Furthermore, the Debtor was defaulted on July 6, 2012, before the filing of debtor's bankruptcy petition. Accordingly, the matter in this state court action <u>only</u> needs to proceed to default judgment against the corporate entities to which Debtor's properties have been transferred.

**B.    FRAUDULENT TRANSFERS OF REAL PROPERTIES**

11.    As stated above, the Debtor transferred title to all of her real estate holdings, including her own personal residence, from her name to E&E and KINGSLEY, entities in which she wholly or partially owns interest, **for ($0) and no consideration.** Upon diligent and careful research, the following was discovered which are enclosed herewith:

(1)    On March 11, 2011, the Debtor quit claimed title to her personal residence at 3841 Shannon Road, Los Angeles 90027 (APN: 5592-011-032) to E&E without consideration. A true and correct copy of the Quit Claim Deed, the Quit Claim Deed, Instrument No. 201110379321, is attached as Exhibit "B".

(2)    On March 11, 2011, the Debtor quit claimed title to her investment property at 14293 Foothill Boulevard, #14, Los Angeles 91342 (APN: 2504-007-057) to E&E without consideration. A true and correct copy of the Quit Claim Deed, Instrument No. 20110379326, is attached as Exhibit "C".

(3)  On March 11, 2011, the Debtor quit claimed title to her rental property at 1948 S. Harvard Boulevard, Los Angeles 90018, #1-7 (APN: 5074-030-001) to E&E without consideration. A true and correct copy of the Quit Claim Deed, Instrument No. 20110379323, is attached as Exhibit "D". A Notice of Trustee's Sale has since been issued on this property with a Sale Date of July 31, 2012, which is stayed on account of the pending bankruptcy petition of the debtor. A true and correct copy of the Quit Claim Deed is attached as Exhibit "C".

(4)  On March 11, 2011, the Debtor quit claimed title to her rental property at 133 N. Kenmore Avenue, Los Angeles 90004 (APN: 5518-016-016) to E&E without consideration. A true and correct copy of the Quit Claim Deed, Instrument No. 20110379325, is attached as Exhibit "E". This property was subject to a Notice of Sale pursuant to a deed of trust arising from a business loan agreement in the amount of $629,000. The property was subsequently sold at a Trustee's Sale but NOT to the foreclosing beneficiary but to Debtor's own LLC.

(5)  On March 11, 2011, the Debtor quit claimed title to her rental property at 43375 Brandon Thomas Way, Lancaster 93536 (APN: 3204-074-072) to E&E without consideration. A true and correct copy of the Quit Claim Deed, Instrument No. 2011379428, is attached as Exhibit "F". This property was sold at a trustee sale on or about December 29, 2011. Please see Trustee's Deed Upon Sale bearing Instrument No. 20111772854 attached as Exhibit "G".

(6)  On March 11, 2011, the Debtor quit claimed title to her rental property at 3110 S. Normandie Boulevard, Los Angeles 90007, #1-4 (APN: 5040 001007), first, to E&E without consideration, and then E&E quit claimed title on July 15, 2011 to KINGSLEY without consideration. A true and correct copy of the Quit Claim Deed, Instrument No. 20110379322, is attached as Exhibit "H". A true and correct copy of the Quit Claim Deed, Instrument No. 20110953569, is attached as Exhibit "I". This

---

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

-5-

property was sold at a trustee sale on or about December 1, 2011. Please see Trustee's Deed upon Sale bearing Instrument No. 20111626783 attached as Exhibit "J".

(7) On March 11, 2011, the Debtor quit claimed title to her rental property at 3116 S. Normandie Boulevard, Los Angeles 90007 #1-4 (APN: 5040-001-006), first, to E&E without consideration, and then E&E quit claimed title on July 15, 2011, to KINGSLEY without consideration. A true and correct copy of the Quit Claim Deed, Instrument No. 20110379324, is attached as Exhibit "K. A true and correct copy of the Quit Claim Deed, Instrument No. 20110953568, is attached as Exhibit "L".

## C. UNLISTED REAL PROPERTY & FAILURE TO DISCLOSE

11. Despite multiple continuances of the debtor's examinations, request for additional information, and amendment of her petition, Debtor's Schedule "A" fails to list Debtor's real property located at **727 S. Ardmore Ave., Apt. 104, Los Angeles, CA 90005.** Debtor Acquired Title to this property on September 13, 2011 in her own name after Entry of Judgment and Trial in the aforementioned civil case filed by F&D (LASC Case No.BC438836). This property has not been transferred nor sold, and it is still legally owned by the Debtor, as the record titleholder, but it is intentionally not included in the petition.

## D. UNLISTED CORPORATE INTEREST AND FAILURE TO REPORT RENTAL INCOME FROM REAL PROPERTIES HELD UNDER CORPORATE ENTITIES

12. Debtor's schedule "I" fails to list Debtor's true and correct income because the Debtor has failed to report any gross receipts or rental income derived from the real properties presently held by her corporate entities, E&E and KINGSLEY who are the record-titleholders by virtue of her fraudulent transfers committed by the Debtor. The Debtor has naively identified the value of each listed property but not the rental income she derives from the same under the auspices that the properties are held in the name of the corporate entities.

13. In sum, Debtor's schedules are deficient and her Statement of Current Income only identifies a monthly income of $3,434.00 for two sole proprietorships: (1) CPA Practice and (2) 99 Cent Store without any mention of the rental income derived from the real property holdings presently in the name of E&E and KINGSLEY.

E. **FAILURE TO REPORT INCOME FROM SOLE PROPRIETORSHIP- CPA PRACTICE & RENTAL INCOME PROPERTIES**

14. Debtor's sole proprietorship and income derived from practice as a CPA is also questionable at best. Debtor initially reports monthly income of $3,434.00 and subsequently amends her statement of financial affairs to reflect a year to date earned income of $134,000 from the CPA practice as of October 23, 2012.

15. In furtherance thereof and at all times material herein, the Debtor has operated her practice under the name JANE KIM & COMPANY. The Debtor, Jane Kim, filed as an individual a Fictitious Business Name Statement to do business as "Jane Kim & Company," duly recorded on March 15, 2010, with the Los Angeles County Recorder's Office, Instrument No. 20100350263. A true and correct is attached as Exhibit "M".

16. During the first state court action involving F&D, the Debtor filed another Fictitious Business Name Statement for the fictitious business names, "JANE KIM" and "JANE KIM & CO" but through the registrant, E & E GLOBAL, LLC. Said FBN statement was executed by KIM as the manager of E &E, duly recorded on October 1, 2010, with the Los Angeles County Recorder's Office, Instrument No. 20101403419. A true and correct copy of the Fictitious Business Name Statement is attached as Exhibit "N".

17. As it stands, the Debtor continues to operate her accounting practice under the fictitious business name JANE KIM & CO, but she has effectively concocted a convoluted scheme to hide her assets, mislead her creditors, and shield herself from personal liability, inclusive of F&D, as to how and under what type of business

organization she operates her accounting practice: a Sole Proprietorship v. Limited Liability Company.

18.   Moreover, Debtor's Statement of Financial Affairs as amended does not identify any rental real estate income for the year 2012. As to KINGSLEY, debtor makes note of a previous Ch.7 bankruptcy petition (2:11-bk-40460-PC) for KINGSLEY on July 16, 2011, but fails to mention the dismissal of that Petition on October 14, 2011, for failure to appear. Effectively, Debtor successfully stalled a pending foreclosure, and her creditor's claim as to the rental income property presently in the name of KINGSLEY (3110 S. Normandie Boulevard, Los Angeles 90007, #1-4 (APN: 5040 001007), first, to E&E without consideration, and then E&E quit claimed title on July 15, 2011to KINGSLEY without consideration) and made away with the rental income derived from the same for interim duration.

19.   Accordingly, it is clear that the Debtor is misrepresenting her true and correct income by reporting a portion of her income from her practice and failing to provide any information as to the true income derived from the rental income properties presently held in the names of E&E and KINGSLEY.

### FIRST CAUSE OF ACTION
**(Objection to Discharge – False Oath)**
**11 U.S.C. § 727(a)(4)(A)**

20.   Plaintiff re-alleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 19 as though fully set forth herein.

21.   Plaintiff is informed and believes and on that basis alleges that Defendant has knowingly and fraudulently, in connection with this case, made a false oath or account. Plaintiff makes this allegation based upon the Defendant's failure to disclose in her bankruptcy petition and schedules, the Debtor's interest in real properties held in her name as well as her Alter Egos, to wit: E&E and KINGLSEY, as well as her true and

correct income derived from her accounting practice, 99 cent supermarket, and the rental income derived from her rental income properties.

22.  Defendant's false oath(s) within his bankruptcy schedules and statements constitute conduct which prohibit discharge pursuant to 11 U.S.C. §727(a)(4)(A).

## SECOND CLAIM FOR RELIEF
### (Objection to Discharge – Failure to Keep or Preserve Records)
### 11 U.S.C. § 727(a)(3)

23.  Plaintiff re-alleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 22 as though fully set forth herein.

24.  Plaintiff is informed and believes and on that basis alleges that Defendant has concealed, destroyed, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition might be ascertained.

25.  Plaintiff's failure to keep or preserve records and papers from which his financial condition might be ascertained was unjustified.
Defendant's failure to keep and maintain documents and records regarding his financial condition constitutes conduct which prohibits discharge pursuant to 11 U.S.C. §727(a)(3).

## THIRD CLAIM FOR RELIEF
### (Objection to Discharge – Transfers and Concealment)
### 11 U.S.C. § 727(a)(2)(A)

26.  Plaintiff re-alleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 25 as though fully set forth herein.

27.  The Defendant, with the intent to hinder, delay or defraud creditors transferred and concealed her property and/or property interests for no consideration and filed a frivolous bankruptcy petition as to her alter ego, KINGSLEY, and dismissed the same, within one year of the filing of the Petition Date.

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

- 9 -

28. The Defendant's transfer and/or concealment of the property set forth herein-above and the frivolous filing of the Chapter 7 petition on behalf of KINGSLEY, is the type of conduct that should result in denial of his Chapter 7 discharge.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Pray for Judgment as follows:

a. An order of this Court, declaring and adjudicating denial of discharge based upon Defendant's false oath(s) within the bankruptcy statements and schedules as provided for in 11 U.S.C. § 727(a)(4)(A);

b. An order of this Court, declaring and adjudicating denial of discharge based upon Defendant's failure to keep or preserve records and papers from which his financial condition or business transactions might be ascertained as provided for in 11 U.S.C. § 727(a)(3);

c. An order of this Court declaring and adjudicating denial of discharge based on Defendant's transfer and/or concealment of property of the Debtor within 1 year of filing the instant bankruptcy petition pursuant to 11 U.S.C. Section 727(a)(2)(A);

d. Atotrneys Fees and Costs of Suit herein;

e. That this Court grant Plaintiff such other and further relief as the Court deems just and proper according to proof at time of trial.

DATED: October 30, 2012                    **ABBASI & ASSOCIATES, P.C.**

By: _____
MATTHEW ABBASI, ESQ., Attorney for Creditor, FINNEGAN & DIBA, A LAW CORPORATION

---

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

- 10 -

## PROOF OF SERVICE OF DOCUMENT
(In Re: Chonghee Kim; Case No.: 2:12-BK-34663-PC)

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 8889 West Olympic Boulevard, Suite 240 Beverly Hills, California 90211. A true and correct copy of the foregoing document described as:

**CREDITOR'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

### SERVED BY U.S. MAIL OR OVERNIGHT MAIL

On the **11/2/2012**, I served the person(s) and/or entity(ies) listed below at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

| Debtor | Attorney for Debtor | Trustee |
|---|---|---|
| Chonghee Jane Kim<br>3660 Wilshire Blvd., Suite 716<br>Los Angeles, CA 90010 | Young K Chang, Esq.<br>3250 Wilshire Blvd., Suite 1915<br>Los Angeles, CA 90010 | Peter J Mastan (TR)<br>550 S Hope St., Suite 825<br>Los Angeles, CA 90071 |
| US TRUSTEE<br>United States Trustee<br>725 S Figueroa St., Suite 26th Floor<br>Los Angeles, CA 90017 | Court<br>Hon. Peter H. Carroll<br>US Bankruptcy Court<br>255 E. Temple St.,<br>Suite 1460/Courtroom 1468<br>Los Angeles, CA 90012 | Creditor:<br>Finnegan & Diba<br>3660 Wilshire Blvd. Suite 710<br>Los Angeles, CA 90010 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 11/2/2012 | Matthew Abbasi | *[signature]* |
|---|---|---|
| Date | Type Name | Signature |

---

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

- 11 -